NEW JERSEY MANUFACTURERS' CASUALTY INSURANCE COMPANY, PROSECUTOR, v. CECIL J. LOVE, PETITIONER-DEFENDANT.

Argued October 5, 1932—Decided January 17, 1933.

Before Justices PARKER and LLOYD.

For the prosecutor, *Kellogg & Chance.*

For the defendant, *David Roskein* and *John A. Laird.*

PER CURIAM.

The determinative question in this case is whether, after the insurance company had given notice of the cancellation of the policy for non-payment of premium to be effective December 7th, 1928, that notice was invalidated by demand for and acceptance of the "minimum premium" thereon, which by the terms of the policy was payable in advance, and for non-payment whereof notice of cancellation had been given; and whether the policy was consequently in force on the date when the disability of petitioner below arose, viz., either late in March, 1929, or June 24th, 1929. The Court

of Common Pleas held that the forfeiture was waived, and the insurance company prosecutes this writ to review that decision.

The policy in question is of that class in which, on account of fluctuation in number of employes and sums paid in wages, the amount of premium cannot be ascertained until the end of the policy period, at which time an audit is had and a balance struck between the correct premium and the advance premium collected at the outset. Under the present policy the "total annual remuneration" under item one was estimated at $1,500, and the rate was fixed at $1.30, thus calling for an advance payment on that item of $19.50. The other items are to us unintelligible, but the net result is that the advance premium is fixed in the policy at the "minimum" of $25. The policy was to run from July 25th, 1928, to July 28th, 1929, and the minimum premium was payable in advance. It was not paid. As has been stated, the cancellation was to be effective December 7th. The letter of cancellation, November 27th, contains this sentence: "You can still keep your insurance in force by sending us your check in full for the amount showing on the enclosed statement." This, however, is not controlling. The case turns on an application of conditions A and B of the policy to the facts in the case.

Condition A provides in part: "At the end of the Policy Period the actual amount of the remuneration earned by the employes during such Period, shall be exhibited to the Company, as provided in Condition C hereof, and the earned premium adjusted in accordance therewith at the rates and under the conditions herein specified. If the earned premium, thus computed, is greater than the advance premium paid, this Employer shall immediately pay the additional amount to the Company, if less, the Company shall return to this Employer that unearned portion, but in any event the Company shall retain the Minimum Premium stated in said Declarations. All premiums provided by this Policy, or by any endorsement hereon, shall be fully earned whether any such Workmen's Compensation Law, or any part of such, is now or shall hereafter be declared invalid or unconstitutional."

Condition B provides, in part:

"This Policy may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the Policy Period. * * * The remuneration of employes for the Policy Period stated in said Declaration shall be computed upon the basis of the actual remuneration to the date of cancellation determined as herein provided. If such cancellation is at the Company's request, the earned premium shall be adjusted *pro rata* as provided in Condition A. If such cancellation is at this Employer's request, the earned premium shall be computed and adjusted at short rates in accordance with the table printed hereon, but such short rate premium shall not be less than the Minimum Premium stated in said Declarations."

What the company did was to declare a cancellation "at the Company's request" and at the same time demand the minimum premium, which it collected later, viz., on May 1st, 1929, and it claims that it was entitled to that minimum premium for the period up to cancellation by virtue of the last clause quoted above. But that clause relates only to a cancellation subject to short rates, *i. e.,* on request of the assured. A cancellation at the company's request is handled in the same manner as in Condition A, viz., by an audit and balancing of accounts for the period run. The company apparently made no suggestion of any such audit. What it did was to cancel the policy itself, and then demand the minimum as if the assured had done the cancelling. Conceivably the amount really due on such a cancellation would have been much less than $25. That amount was all that it was then entitled to on the policy as a live policy; and we agree with the court below that the legal effect of demanding and collecting the $25 instead of having the audit provided by the policy in such case, was to invalidate the cancellation and restore the policy as a live policy, effective at the time the disability arose.

The judgment will accordingly be affirmed.